FARBENFABRIKEN OF ELBERFELD CO. v. HARRIMAN.

(Circuit Court, D. Massachusetts. November 17, 1904.)

No. 1,842.

1. PATENTS—INFRINGEMENT—PHENACETIN.

The Hinsberg patent, No. 400,086, for a new pharmaceutical product, called "phenacetin," *held* valid and infringed, and an injunction granted, and an accounting ordered by defendant, who, although a retail druggist, shown to have sold only a small quantity of the infringing drug, was selling an adulterated article, which might be very deleterious to the public health.

In Equity.

Anthony Gref, Livingston Gifford, and William Oldin, for complainant.

Parsons & Bowen, for defendant.

HALE, District Judge. This suit in equity is brought for infringement of patent No. 400,086, issued March 26, 1889, on an invention of Oscar Hinsberg, of Barmen, Germany, and assigned, after several mesne assignments, to the complainant. The invention covered by the patent is a pharmaceutical product known as "phenacetin." The specification contains a description of the new pharmaceutical product, and of the inventor's process of production. The opening of the specification is as follows:

"My invention relates to the production of a new pharmaceutical product, a new anti-pyretic and anti-neuralgic, obtained by reducing nitro-phenotol, and melting the phenetidin-chlorhydrate thus formed with dried sodium acetate and acetic acid."

The single claim of the patent is as follows:

"The product herein described, which has the following characteristics: It crystallizes in white leaves, melting at 135° centigrade; not coloring on addition of acids or alkalies; is little soluble in cold water, more so in hot water; easy soluble in alcohol, ether, chloroform, or benzole; is without taste; and has the general composition $C_{10}H_{13}O_2N$."

The patent has been sustained by the United States Circuit Court of Appeals in the Third Circuit. Maurer v. Dickerson, 113 Fed. 870, 51 C. C. A. 494. The Supreme Court of the United States afterwards denied an application for certiorari. 186 U. S. 481, 22 Sup. Ct. 941, 46 L. Ed. 1266. The patent has been before the courts in other cases. Its validity and the infringement have not been denied by any testimony offered by the defendant, although the answer makes a general denial of all matters alleged in the bill. Full testimony has been taken by the complainant to sustain the bill, but no evidence has been offered by the defendant, and at the hearing before the court no argument of counsel was submitted in behalf of the defendant.

The infringement to which the attention of the court is called in the record is by the defendant, a retail druggist, who appears by the testimony to have sold an infringing product called "phenacetin," and described in the claim of the patent to which we have referred. It appears from the testimony further that the defendant sold the phenacetin

adulterated with acetanilid and carbohydrate. It further appears that the offending drug has been generally purchased by retail druggists from itinerant peddlers, who have imported the drug in small quantities, in many instances in counterfeit and adulterated packages. The evidence in the record before us tends to show that acetanilid is a drug which must be treated with great caution. A chemist of high reputation testifies:

"The authorities with which I am thoroughly familiar agree that acetanilid is a very active heart depresser, and a drug which should be used with the utmost caution. By this I mean that it is a drug which physicians do not prescribe except in cases where they are quite certain there is no heart affection. Physicians freely prescribe phenacetin where, because of some known heart trouble, the use of acetanilid is contra-indicated. By the substitution I have mentioned, the druggist furnishes to the patient precisely what the physician intended not to give him. There are cases on record where a comparatively small dose of acetanilid produces cyanosis and death, and, inasmuch as the usual dose of phenacetin is about eight grains, the substitution of the acetanilid mixture is quite likely to result seriously wherever the patient's heart is affected."

The defendant is a retail druggist, and has not been guilty of long-continued or extensive infringement. The relief of a court in equity, however, is properly invoked from the fact proven in the record that defendant has been guilty of some infringement, and that he is using a drug which may be very detrimental to the public health. And so we are of the opinion that the case does not come within the class of cases where, on account of the triviality of the infringement, courts have sometimes refused an accounting, although they have granted an injunction.

Many of the matters to which the attention of the court has been called by learned counsel in argument and in their brief are matters which cannot receive the attention of the court until after an accounting before a master.

Decree for the complainant for an injunction and for an accounting, with costs.